State *v.* Weare.

## State *v.* Weare.

Criminal informations, which are filed by an officer of the government, and not founded upon the oath of the grand jury, may be amended by the court at any time before trial.

In the laying out of a highway, want of jurisdiction renders the proceedings void ; but irregularities and errors, in the course of the proceedings, make them merely voidable, and they remain valid until legally avoided by the party or persons having the legal right to interfere.

INFORMATION against the town of Weare, for neglect to build a highway laid out in said town by the selectmen thereof, September 20, 1856.

The following objections to the record of the laying out were offered : First, because one of the termini was stated in the information to be " near the blacksmith's shop of William B. White," and, in the record, as being " near the blacksmith shop of William D. White." The solicitor then moved to amend the information, by inserting therein, in lieu of the words, " William B. White," the words, " William D. White," and the court allowed the amendment, to which the defendants excepted. Second, because no legal notice of the hearing on said petition was given to the Weare Woolen Factory Company, it appearing that the notice was served upon the agent of

the company, and that it was an incorporated company, and there was no evidence that the officers resided without this State. It appeared that the agent had the care of the land and other property of the corporation. Third, because the information states that the highway was laid out September 20, 1856, and by the record it did not appear that there was any hearing, or meeting of the selectmen on said petition, subsequent to August 25, 1856. Fourth, because the record of the laying out does not state the intermediate adjournments, it appearing from the record that the selectmen met on the 30th of June, 1856, and adjourned from time to time to August 25, 1856. Fifth, because it did not appear that any notice of the time and place of hearing was given to Israel Hoag, the first petitioner, or to any of the petitioners for said new highway. Sixth, because the information alleges that Ebenezer Peaslee and Nathaniel Peaslee, Jr., were the only selectmen for the year 1856; it appearing from the records that at the annual election in March, 1856, Ebenezer Peaslee, James Priest, and Nathaniel Peaslee were duly chosen and legally qualified as selectmen, and that said Priest acted as one of the selectmen for the year 1856; and the record showing that but two of the selectmen were present and acting on said petition, while it appeared in evidence that all of said selectmen were present and acting at the hearing upon said petition. Seventh, because, it appearing from the record that Nathaniel Peaslee was duly elected and legally qualified as one of the selectmen for 1856, the court permitted the State to show that there were two persons of the name of Nathaniel Peaslee, in Weare, in 1856, and that the one known as Nathaniel Peaslee, Jr., was qualified and acted as selectman for that year.

The court overruled all the exceptions, and directed a verdict for the State.

*A. F. Stevens*, solicitor, for the State.

*Morrison & Stanley*, for the defendants.

BELL, J. Criminal informations, which are not found upon the oath of a jury, may be amended by the court, and even by a single judge at chambers, at any time before trial; and the reason assigned for the difference between indictments and informations in this respect is, that the latter are originally framed by an officer of the government, while the former are the accusations of a number of men sworn to inquire and to decide according to evidence. 1 Chitty's Crim. Law 298, 842; *King* v. *Wilkes*, 4 Burr. 2527, 2568, and cases there cited; *King* v. *Holland*, 4 D. & E. 457. The amendment excepted to was, therefore, properly allowed.

The objections to the laying out are all of one class. They affect the regularity of the proceedings, and not the authority or jurisdiction of the tribunal. A want of jurisdiction renders proceedings void, and advantage may be taken of the defects, when they are incidentally brought in question, by any person. But irregularities and errors in the course of the proceedings make them merely voidable; until they are avoided, they remain valid as to some persons and for some purposes, and are capable of confirmation. They are not impeachable by everybody, nor open to be assailed by those who have no interest in the matter of the defect, nor by those who have waived their exceptions, and thus confirmed the laying out, either directly or incidentally. The principles on this subject have been so fully discussed in *State* v. *Richmond*, 26 N. H. (6 Fost.) 232, and *White* v. *Landaff*, 35 N. H. (3 Fogg) 26, that it is not necessary to allude to them further.

The objections that one of the land-holders and the petitioners were not notified, might be valid objections for them to make. They are not so for the town. They may

have been waived or released. The petitioners may very probably be the persons at whose instance this information is prosecuted. It will be time to consider them when those who have the right to complain shall make the objection. *Commonwealth* v. *Weiher*, 3 Met. 445.

The third and fourth objections, as to the adjournments, seem to be merely formal defects in making up the record, which, without an amendment, might be fatal on a *certiorari*, issued on the hearing of a petition alleging that substantial injustice had been done by the laying out, yet cannot have the effect of rendering the whole laying out void, nor of enabling the town to avoid it. It is not suggested that the town is in any way prejudiced by the omission.

Two of the selectmen, by the explicit language of the Revised Statutes, had authority to act and decide upon this application. Rev. Stat., ch. 34, sec. 2 ; *Butler* v. *Washburn*, 25 N. H. (5 Fost.) 256. It appeared by the evidence that there were three selectmen elected and qualified, and that they were all present and acting at the hearing upon the petition for this highway.

The real ground of complaint is not that these selectmen did not act, but that the record is defective in not showing that fact. The laying out is not to be held void, nor avoided incidentally, for a defect like this, where the record shows a decision by a legal quorum of the selectmen.

It has been often held that junior forms no part of a man's name. If it appears that there are two men of the same name, one of whom is named in any writing, parol evidence is admissible to show which was intended. The writing is not void for uncertainty. If the younger of two persons of the same name is elected selectman, and is qualified and acts as such, and, in any proceeding of the selectmen, he is named without addition, and objection is made, it will not be intended that the elder person of the name is meant, but evidence will be admitted to show

which of the two acted. The principle is general. In some of its applications it is considered in *Webster* v. *Atkinson*, 4 N. H. 21; *Trustees* v. *Peaslee*, 15 N. H. 319; *Goodhue* v. *Clark*, 37 N. H. (6 Fogg) 525; 1 Greenl. Ev., sec. 301, n.

The exceptions taken to the laying out were properly overruled.

*Judgment on the verdict.*